United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINTON P. FROST,

    Plaintiff,

        v.

ROBIN VASAN, and others,

    Defendants.

Case No. 16-cv-05883 NC

**ORDER DISMISSING FIRST AMENDED COMPLAINT UNDER 28 U.S.C. § 1915, WITHOUT FURTHER LEAVE TO AMEND**

Re: Dkt. Nos. 34, 39

This order is the Court's screening review of Vinton Frost's First Amended Complaint, filed April 3, 2017. As explained below, the Court dismisses the First Amended Complaint with prejudice and without leave to amend, finding that the complaint is factually frivolous and fails to state a claim. Further attempted amendment would be futile.

## I.      Procedural Background

Frost is representing himself "pro se" without an attorney. The Court previously found that he could not afford to pay the Court's filing fees. Dkt. No. 8. Frost consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. No. 6.

Frost's original complaint charged twelve individual defendants, a United States Senator, a university, two corporate entities, and additional unspecified defendants that allegedly conspired with a secret elite group of businessmen and the CIA to torment Frost since 2003. Dkt. No. 1. The Court dismissed Frost's original complaint, finding it to be

factually frivolous; failing to state a claim for relief; and failing to satisfy the procedural rules of pleading. Dkt. No. 8. Despite dismissing the complaint, the Court permitted Frost leave to amend his complaint if he could cure the deficiencies in his initial complaint. Dkt. No. 8.

Upon Frost's motions, the Court twice extended the deadline for him to file an amended complaint. Dkt. Nos. 11, 22. Frost, seeking to stay the case, appealed to the Ninth Circuit Court of Appeals, but that court determined that it lacked jurisdiction to review a non-final order. Dkt. No. 38. Ultimately, Frost timely filed his First Amended Complaint. Dkt. No. 34.

## II. Legal Standard

This order is the Court's second screening review for civil actions filed in forma pauperis (IFP) under 28 U.S.C. § 1915(e)(2)(B). Having previously found the initial complaint to be factually frivolous and legally deficient, this order assesses whether the First Amended Complaint cures the shortcomings.

Pleadings by litigants representing themselves must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Furthermore, "the rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

A complaint filed by any person proceeding in forma pauperis (IFP) is subject to a mandatory and sua sponte review and dismissal by the Court if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1126-27. A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A complaint may be dismissed as "factually frivolous" only if the facts alleged are "clearly baseless," which encompasses allegations that are fanciful, fantastic and delusional. *Denton v. Hernandez,* 112 S. Ct. 1728, 1733 (1992).

The IFP statute "accords judges not only the authority to dismiss a claim based on

United States District Court
Northern District of California

an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Examples of such claims include fantastic or delusional scenarios. *Id.* at 328; *see Suess v. Obama*, 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (dismissing complaint alleging conspiracy among President, CIA, and FBI to torment plaintiff over six year period); *O'Diah v. State of Cal. Workers' Comp. Bd.*, 1993 WL 219323, at *2 (N.D. Cal. May 12, 1993) (dismissing complaint alleging conspiracy among federal and state judges and their law clerks); *Sierra v. Moon*, 2012 WL 423483, at *2 (E.D. Cal. Feb. 8, 2012) (dismissing as factually frivolous an alleged conspiracy by defendants with ex-military and CIA to defraud plaintiffs' interests and murder him); *Demos v. United States*, 2010 WL 4007527, at *2 (D. Ore. Oct. 8, 2010) (dismissing complaint that alleged plaintiff was captured by pirates disguised as law enforcement officers); *Reid v. Mabus*, 2015 WL 9855875, at  *1 (D. Ore. Nov. 16, 2015) (dismissing complaint alleging a massive conspiracy targeting 300,000 individuals with "electronic harassment").

### III. Analysis

Frost's First Amended Complaint reduces the number of defendants and the complexity of the narrative as compared to the original complaint. Frost alleges that Stanford University, the city of Palo Alto, the Palo Alto Police Department, and two individuals who are executives with Silicon Valley finance businesses conspired against him in violation of 18 U.S.C. § 371.

As a starting point, that statute is a criminal statute providing for punishment of conspiracies by two or more persons to "commit any offense against the United States, or to defraud the United States." The criminal statute, however, does not create a civil private right of action. *Willing v. Lake Orion Community Schools Bd. of Trustees*, 924 F. Supp. 815 (E.D. Mich. 1996); *Lamont v. Haig*, 539 F. Supp. 552, 558 (D. S. Dakota 1982); *Fiorino v. Turner*, 476 F. Supp. 962, 963 (D. Mass. 1979). In any case, Frost does not allege that defendants have committed an offense against or defrauded the United States.

The gist of his complaint seems to be that defendants have conspired against *him*.

The core problem with the First Amended Complaint, just like the original complaint, is that the factual allegations appear to be frivolous. Frost believes that there is a vast conspiracy of businesses, universities, police, governments, and government agencies against him.[1] He asserts the conspirators drugged him, surveilled him, and stole his medical files. Frost demands $200 million in compensatory damages. Dkt. No. 34.

I am sympathetic to the trauma described by Frost in both of his complaints. But I find that the scenario he has described is the same type of fantastic and baseless allegations dismissed by other courts. *See Neitzke, Suess, O'Diah, Sierra, Demos,* and *Reid*, cited above.

Finally, on May 12, 2017, Frost filed a motion asking for leave to file a supplemental pleading. Dkt. No. 39. The Court has considered that request. First, Frost wishes to remove Stanford University as a defendant and replace it with the Board of Trustees of Stanford University. The motion does not describe the factual basis for the request. Second, Frost states he wishes to add a claim under 42 U.S.C. §§ 1983 and 1985 "on the basis of de novo exclusion of rights protections as 'federally homeless' . . ." These proposed amendments confirm the Court's assessment that further amendment would be futile.

## IV. Conclusion

"When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend. *Lopez*, 203 F.3d at 1127 n.8. Accordingly, the Court dismisses Frost's amended complaint with prejudice and without leave to amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1106 (9th Cir. 2011) (affirming dismissal of RICO claim with prejudice and without leave to amend because it failed to state a claim and was frivolous), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d

---

[1] The Court takes notice of the pleadings filed by Frost in subsequent civil cases filed in this District: 17-cv-1239 JCS; 17-cv-1240 JCS; 17-cv-1308 LB; and 17-cv-1587 LB.

336, 339 (9th Cir. 1996) (leave to amend may be denied where further amendment would be futile). The Court will enter final judgment and terminate this case.

**IT IS SO ORDERED.**

Dated: May 15, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge